AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

for the
**Western District of New York**

**FILED**
MAY 2 3 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**United States of America**

v.

Case No. 19-MJ- 627

_____JERRY STEARNS_____
*Defendant*

## CRIMINAL COMPLAINT

I, <u>CARLTON TURNER, Task Force Officer with the United States Federal Bureau of Investigation,</u> the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about __May 13, 2019__, in the <u>Western</u> District of New York, the defendant **JERRY STEARNS** violated Title <u>18</u> U.S.C. § <u>2252A(a)(5)(B) and (b)(2)</u>, an offense described as follows:

the defendant, having previously been convicted of illegally possessing child pornography, did knowingly possess child pornography that had been transported in or affecting interstate or foreign commerce by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

This Criminal Complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT OF CARLTON TURNER, TASK FORCE OFFICER, F.B.I.**

☒   Continued on the attached sheet.

_____
*Complainant's signature*

CARLTON TURNER, Task Force Officer F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____May 23, 2019_____

_____
*Judge's signature*

City and State:  Rochester, New York

JONATHAN W. FELDMAN, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT    19mj627

STATE OF NEW YORK   )
COUNTY OF MONROE   )   ss:
CITY OF ROCHESTER   )

CARLTON TURNER, having been first duly sworn, deposes and states as follows:

1.      I am a sworn Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI") and an Investigator for the Rochester Police Department ("RPD"). I have been a member of the RPD since May of 1998, and assigned to the FBI Child Exploitation Task Force since October 2015. I am trained to investigate and have participated in investigations involving a wide range of local, state, and federal criminal violations. In my position with the FBI Child Exploitation Task Force, I am responsible for investigating crimes against children, including the production and possession of child pornography in violation of Title 18, United States Code, Section 2252A. As a duly sworn FBI TFO, I am empowered to conduct investigations of and make arrests for offenses against the United States.

2.      This affidavit is submitted for the limited purpose of establishing probable cause to believe that JERRY STEARNS ("STEARNS"), an individual who has previously been convicted of illegally possessing child pornography, did knowingly possess child pornography that had been transported in interstate or foreign commerce by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

3.      The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law

1

enforcement officers and witnesses, and my review of documents, reports and records gathered through the investigation of this case.

4.      Because this affidavit is being submitted for the limited purpose of securing a Criminal Complaint, I have not included every fact known to me concerning this investigation.  Rather, I have set forth only those facts that I believe are necessary to establish probable cause to believe that STEARNS did knowingly violate Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

## BACKGROUND OF INVESTIGATION

5.      On or about May 11, 2004, STEARNS was convicted of Attempted Criminal Sexual Act 1st Degree: Victim Less than 11 Years Old, based on his sexual assault of one 3-year-old victim and one 6-year-old victim.

6.      On or about May 16, 2005, STEARNS was also convicted in the United States District Court for the Western District of New York of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to a term of imprisonment of 120 months to be followed by 10 years of supervised release.

7.      A special condition of STEARNS's supervised release is that he must provide advanced notification and obtain authorization to use any internet accessible device.  Another condition of STEARNS's supervised release is that he must submit to monitoring of any such authorized device.

8.      The United States Parole and Probation Office contracts with Remotecom to provide monitoring services for authorized devices belonging to individuals, such as STEARNS, who require such monitoring.

9.      United States Probation Officer Thomas Gilbert is assigned to the Western District of New York, Rochester Office, and is responsible for supervising STEARNS.

10.     Officer Gilbert has informed your affiant that STEARNS had an Asus ZenPad, model Z85, IMEI number: 357185083622439 that was being monitored by Remotecom.

11.     Officer Gilbert also informed your affiant that, on or about May 13, 2019, Remotecom notified Officer Gilbert that STEARNS had been viewing child pornography on his monitored device.

12.     Remotecom provided the US Probation Office with a report that contained the images of suspected child pornography STEARNS had accessed and viewed on his monitored device.

13.     Your affiant has viewed the detailed report and has observed at least five images of child pornography, including:

    a.      An image of a preadolescence girl approximately 10 to 12 years old sitting on a toilet nude and her legs spread opened exposing her vagina in a lascivious manner.

    b.      An image of a preadolescence girl approximately 9 to 11 years old lying down on her side. The girl is nude and her knees are raised to her chest exposing her vagina in a lascivious manner.

    c.      An image of a preadolescence girl approximately 9 to 12 years old lying down holding a penis close to her mouth.

3

d.      An image of a preadolescence girl approximately 12 to 15 years old. The girl has multicolored rollers in her hair and is wearing a green top and red socks. The girl has her legs slightly raised to her chest exposing her vagina in a lascivious manner.

14.      Based upon your affiant's training and experience in the investigation of child pornography cases, the images observed constitute child pornography, as defined by Title 18, United States Code, Section 2256(8).

WHEREFORE, based on the foregoing, I respectfully submit that there is probable cause to believe that Jerry Stearns, an individual who has been previously convicted of illegally possessing child pornography, did knowingly possess child pornography, in violation of Title 18, United States Code, Section 2252A (a)(5)(B) and (b)(2).

CARLTON TURNER
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
23 day of May, 2019.

JONATHAN W. FELDMAN
United States Magistrate Judge

4